# MEMORANDUM ENDORSED.

The Law Offices of Jacob Aronauer<br>
225 Broadway, 3rd Floor<br>
New York, New York 10007<br>
(212) 323-6980<br>
jaronauer@aronauerlaw.com

March 6, 2020

**Via ECF**
Hon. Gabriel Gorenstein
United States Courthouse
500 Pearl St.
New York, NY 10007

      Re:    Garcia et al v. Progressive Maintenance LLC
             19-cv-03518 (GWG)

Dear Judge Gorenstein,

      This office, along with the Law Offices of Yale Pollack, P.C., represents Plaintiffs in the above captioned matter. We respectfully submit this letter to address various discovery disputes between the parties.

      Prior to submitting this letter to the Court, on Friday February 28, 2020 this office sent Defendants' counsel a draft of this discovery letter and asked to meet and confer with respect to its contents. Defendants asked to have additional time to respond. Plaintiffs agreed with the understanding that Plaintiffs wanted to meet and confer the week of March 2nd through March 6th so that the letter could be submitted before the end of this week. Defendants agreed but did not contact this office to meet and confer. While mindful of Your Honor's detailed and specific rules with respect to the meet and confer process, more than one week has passed since this office sent Defendants the discovery dispute letter and sought to meet and confer. Considering the size of Defendants' law firm and that three attorneys on behalf of Defendants are assigned to this case, this is not acceptable.

      Plaintiffs are mindful that Your Honor's individual rules request that discovery deficiency letters not be more than 5 pages. We ask that the Court make an exception to this request because there are class action issues and, in addition, this letter pertains to three sets of document requests and one set of interrogatories. Defendants' responses to Plaintiffs' document requests are annexed as Exhibit A and Defendants' responses to Plaintiffs' first set of interrogatories are annexed as Exhibit B.

**General Overview**

      As the Court is aware, Plaintiffs filed a class action on behalf of all superintendents who worked on behalf of Defendants. There are two named Plaintiffs, Teodoro Garcia and

William Martinez. On November 15, 2019, Ramon Tapia joined this lawsuit as a FLSA opt-in (dkt 55). As discussed in the amended complaint, superintendents claim that they were required to be "on call" and were contacted via e-mail and text by Defendants at all hours. *See* ¶¶ 48, 49 of Amend. Compl. (dkt 26).

The parties have exchanged paper discovery responses but have not yet conducted depositions. On November 14, 2019, Plaintiffs sent deposition notices to Defendants. Defendants refused to sit for depositions and have not offered alternative dates. Plaintiffs request that the Court order Defendants to sit for depositions. Defendants' position is that the parties should not schedule depositions until all paper discovery issues are resolved.

On October 30, 2019, Plaintiffs moved for conditional certification on behalf of all superintendents who worked on behalf of Defendants (dkt 45). After the parties fully briefed the issue of conditional certification, the Court ordered a conference (dkt 79).

## General Issues with Defendants' Paper Discovery Responses

For virtually all of Defendants' responses, Defendants submit general objections. For example, in document request #6 with respect to Plaintiffs' first set of document requests, Plaintiffs requested "All documents reflecting, referring or relating to overtime wages paid to Plaintiff Garcia." In response, Defendants state "Defendants object to Request No. 6 on the grounds that it is overbroad, and to the extent that it seeks documents that are equally or more accessible to the Plaintiffs." As a further example, Defendants take the position that all documents referenced in Defendants' initial disclosures (document request #1 in Plaintiffs' first set of document requests) are "overly broad" without providing the necessary specificity to validly oppose this straightforward document request.

General objections are not permitted. Under FRCP 34(b)(2(B)-(C) the responder must state with specific the grounds for objecting to the request, including the reasons are required. *See Fischer v. Forrest*, 2017 U.S. Dist. LEXIS 28102 at *9 (S.D.N.Y. Feb. 28, 2017) (Judge Peck holding that the defendants failed to comply with FRCP 34 because they only provided general objections). In addition, Defendants fail to state whether any responsive documents were withheld. Under FRCP 34, Defendants are also required to state whether they withheld any responsive documents. <u>Id</u>. Defendants, though, do not inform Plaintiffs if any responsive documents were withheld.

Defendants have unilaterally limited the time period of the responsive documents to three years from the date of the filing of this lawsuit. Defendants do so even though Plaintiffs bring this lawsuit under the New York Labor Law ("NYLL"). The NYLL has a 6 year statute of limitations.

In support of their position that they do not have to provide responsive documents beyond the 3 year statute of limitations under the FLSA, Defendants argue that the superintendents are not eligible to recover under the janitorial exemption. The court, though, has not ruled that the janitorial exemption applies.

The one case Defendants provided in support of their position is *Koljenovic v. Marx*, 999 F. Supp.2d 396 (E.D.N.Y. Feb. 6, 2014). *Koljenovic*, though, is a summary judgment decision where the Court issued a finding that the janitorial exemption applied. As it is still a point of contention as to whether Plaintiffs and the Class are not eligible to recover under the janitorial exemption and the Court has not yet made a ruling, Defendants should be required to provide responsive documents within the 6 year NYLL statute of limitations.

### Failure to Perform an Electronic Search for Documents

To date, Defendants have not provided a single e-mail or text pertaining to this lawsuit even though they agreed to perform a search for electronic discovery. Several months have passed since Defendants originally responded to Plaintiffs' document requests.[1] *See* Defendants' response to document request No. 45 in Plaintiffs' first set of document requests; *see also* Defendants' responses to document requests Nos. 2-11 to Plaintiffs' second set of document requests; and Defendants' responses to document requests Nos. 1-6 in Plaintiffs' third set of document requests. Nor have Defendants provided Plaintiffs any detail as to the nature of their search, who is conducting the search and (most importantly) a definitive date as to when Plaintiffs will receive the responsive documents.[2]

The obligation to conduct a reasonable inquiry is fundamentally important, and although it runs first to counsel, it applies with equal force to the party itself." *Martinez v. City of New York*, 2018 U.S. Dist. LEXIS 134099, at *26 (E.D.N.Y. Jan. 24, 2018); *see also, e.g.*, *Zubulake v. UBS Warburg LLC*, 229 F.R.D. 422, 433 ("counsel has a duty to advise and explain to the client its [discovery] obligations."). Without providing a detailed explanation, Defendants refuse to perform an electronic search for virtually all of Plaintiffs' search terms. *See* Plaintiffs' document request #45. While Defendants opposed Plaintiffs' request, Defendants have not provided alternative search terms. The search terms sought by Plaintiffs are reasonable, as this is a lawsuit brought for unpaid wages. Plaintiffs' search terms are: "William", "Martinez", "Teodoro"; "Garcia", "Lawsuit", "FLSA", "Fair Labor Standards Act", "New York Labor Law", "NYLL", "Superintendent", "Janitor", "Exemption", "Time and a half", "half-rate", "Meal Breaks", "Overtime" and "Minimum Wage."

While Defendants oppose Plaintiffs' requests, Defendants fail to state why Plaintiffs' proposed search terms are unreasonable. For example, Defendants did not state to Plaintiffs that they performed a search with respect to the proposed search terms and that the results were too voluminous. *See Strauch v. Computer Scis. Corp.* 2015 U.S. LEXIS 161680, at *7-8 (D. Conn. Nov. 24, 2015) (general discussion noting that the amount of

---

[1] On November 26, 2019, Defendants provided their response to Plaintiffs' first set of document requests. On December 20, 2019, Defendants provided their response to Plaintiffs' second and third set of document requests.

[2] Defendants did tell Plaintiffs' they would receive responsive documents this week. This, though, has not occurred.

responsive documents in response to the search terms is a factor in determining whether the proposed search terms should be narrowed). In addition, Defendants refuse to provide all documents that are responsive to Plaintiffs' search terms but only ones they deem relevant to this lawsuit. This is a textbook example of the fox guarding the henhouse.

As Defendants have not provided any reasonable alternative search terms and have not pointed to any type of effort made to provide the responsive documents (and therefore cannot point to any undue burden caused by the search terms) we request that the Court order Defendants to provide responsive documents to Plaintiffs search terms by a set date. In addition, we request that the Court order Defendants to state which custodians will be searching for responsive documents.

### Defendants' Response to First Set of Plaintiffs' Document Requests

We request that the Court order Defendants to provide amended responses or provide documents with document requests Nos. 4 and 5. Defendants claimed that they would produce responsive documents to this request but to date have failed to do so. As Defendants submitted their responses more than 3 months ago the Court should order Defendants to state when, if any, responsive documents will be provided.

Defendants have failed to provide information pertaining to the potential Rule 23 class of all superintendents. It is well settled that the information that Plaintiffs seek is discoverable because this action was filed as a class action lawsuit.

Rule 26(b)(1) provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." A matter is relevant if it encompasses "any matter that bears on, or that reasonably cold lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978). "'Pre-certification discovery is often necessary in order to provide the court with sufficient information to determine whether certification is appropriate' in light of the requirements set out in Rule 23." *Benavides v. Serenity Spa NY Inc.,* 166 F. Supp.3d 474, 490 (S.D.N.Y Aug. 3, 2016) *citing Rahman v. Smith & Wollensky Rest. Grp.*, Inc., 2007 U.S. Dist. LEXIS 37642, at *3 (S.D.N.Y. May 24, 2007); *see also Calabrese v. CSC Holdings, Inc.*, 2007 U.S. Dist. LEXIS 16059, at *5 (E.D.N.Y. Mar. 7, 2007 (noting that before deciding whether to certify a class, "district court is required to be sure that enough pre-certification discovery is provided so that it is satisfied that each Rule 23 requirement has been met").

Consistent with the above cited case law, we request that the Court order Defendants to provide responsive documents with respect to the following document requests: Nos. 8, 12, 15 and 16. At a minimum, Defendants should be required to provide a "sampling size" with respect to the class. *See Hallmark v. Cohen & Slamowitz*, 304 F.R.D. 165, 169 (W.D.N.Y Jan. 9, 2015) ("The use of sampling on connection with discovery in class actions as a practical and cost-effective means by which to obtain discovery is well recognized"). In addition, Defendants should be required to produce discovery with respect to the FLSA Collective. *Forauer v. VT Country Store, Inc.*, 2014

U.S. Dist. LEXIS 79234 at *7-9 (D. Vt. June 11, 2014) (discussion noting that collective actions under the FLSA should be governed by the same standards as Rule 23 discovery).

Defendants refuse to provide discovery with respect to the ownership of the corporate Defendants as well as the individual Defendants. Plaintiffs need this information to ensure that the corporate defendants and the individuals can be held liable in this action. Accordingly, Defendants should be required to provide responsive documents with respect to document requests No. 19, 33, 34, 35, 46 ,47, 48 and 49. It is not unreasonable for Plaintiffs to seek discovery with respect to the ownership structure of the corporate entities. It is also understandable for Plaintiffs to want to know the job duties and responsibilities of the individual Defendants so as to ensure they can be held liable under the FLSA and NYLL. *See Teri v. Spinelli*, 980 F. Supp.2d 366, 373 (E.D.N.Y. Oct. 28, 2013) (general discussion about what is required to create liability under the FLSA and NYLL).

Defendants refuse to produce correspondence between Defendants and Plaintiff Garcia and Plaintiff Martinez, respectively. *See* Defendants' responses to document requests Nos. 50 and 51. As discussed in the amended complaint, Plaintiffs allege that Defendants would contact Martinez and Garcia by e-mail and text message at all hours to complete maintenance requests. *See* ¶¶ 48-49 of Plaintiffs' Amend. Compl; *see also* an e-mail from Defendants to Plaintiffs after normal working hours annexed hereto as Exhibit C. It is evident that Defendants seek to prevent Plaintiffs from obtaining documents that will assist Plaintiffs in proving their case.

Plaintiffs request that the Court order Defendants to provide documentation pertaining to their practice with respect to maintaining and/or destructing documents. *See* document request 5No. 4. Under FRCP 37(e) a party must preserve documents and electronically stored information it reasonably anticipates litigation. To ensure that Defendants have met this burden it is reasonable for Plaintiffs to seek discovery with respect to how Defendants—a large scale residential company—maintain their records. This is particularly so (as discussed earlier) the amount of e-mails and text messages that Defendants sent Plaintiffs outside of regular business hours have bearing on the amount of overtime Plaintiffs worked.

### Defendants' First Set of Interrogatory Responses

Plaintiffs' interrogatory No. 1 seeks all individuals who have knowledge of information relevant to the subject matter of this action. Defendants incorrectly refer to their initial disclosures. Defendants are required to list the names of all individuals who have information that have bearing to this lawsuit and not refer to their initial disclosures. Furthermore, in Defendants' initial disclosures, Defendants may solely reference individuals who have information that is helpful to their case—not all individuals who may have information relevant to this case. *See in re Savitt/Adler Litig.*, 176 F.R.D. 44, 49 (N.D.N.Y. Oct. 3, 1997) (Court noting that answer to interrogatories cannot be a reference to documents).

      Plaintiffs' interrogatory No. 2 seeks to know where Defendants maintain documents relevant to this lawsuit.  Under Local Rule 33.3 Defendants are required to provide this information.

      We thank the Court for its consideration.

      Respectfully,

*/s Jacob Aronauer*
Jacob Aronauer

*/s Yale Pollack*
Yale Pollack
*Attorney for Plaintiffs*

**Via ECF**
*All attorneys on Record*

Application denied.  Compliance with paragraph 2.A of the Court's Individual Practices is mandatory.  Counsel should telephone each other forthwith.  Additionally they must confer at length and in good faith in an effort to resolve each of the disputes.

(In the unlikely event that there is a failure to comply with the portion of 2.A that requires an attorney to "respond within one business day to any request from another party to confer," that may be the subject of a separate application.)

So Ordered.
March 6, 2020

                        _____
                        GABRIEL W. GORENSTEIN
                        United States Magistrate Judge