UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
TEODORO GARCIA, et al.,                             :

                                                                 :          <u>ORDER</u>
                 Plaintiffs,
                                                                  :          19 Civ. 3518 (GWG)
   -v.-
                                                                  :

PROGRESSIVE MAINTENANCE LLC, et al.,      :

                                                                  :
                 Defendants.
---------------------------------------------------------------X

GABRIEL W. GORENSTEIN, United States Magistrate Judge

      With regard to the matter raised in Docket # 99, to which defendants have responded (Docket # 100), the Court sees no basis for Rule 11 sanctions against the defendants' attorney. First, plaintiffs' request does not comply with Fed. R. Civ. P. 11(c)(2). <u>See</u>, <u>e.g.</u>, <u>Castro v. Mitchell</u>, 727 F. Supp. 2d 302, 306-10 (S.D.N.Y. 2010) (denying Rule 11 sanctions for failure to comply with the procedural provisions). Second, there is nothing that would allow the Court to find that defendants' counsel did not make the "inquiry reasonable under the circumstances" required by Fed. R. Civ. P. 11(b). While the Court deems plaintiffs' filing to be meritless, we do not believe it warrants sanctions against plaintiffs' counsel as has been requested by defendants. Nonetheless, Shah should certainly file a sworn statement correcting any incorrect information previously submitted to the Court.

      The Court is also in receipt of a status report (Docket # 103). The purpose of the status report was to inform the Court as to the mailing of notices to the collective. Counsel represents that notice was sent to the collective on July 10, 2020. On April 1, 2020 (Docket # 86), the Court ordered that "[a]s soon as the notice is mailed out, the parties shall file a letter containing the new Scheduling Order deadlines." The parties have failed to file such a letter. Accordingly, the parties are directed to cease filing status reports. Instead, they shall file a joint proposal or separate proposals for a scheduling order in this matter, as was required by the April 1, 2020, Order. The proposal or proposals shall be filed on or before July 30, 2020.

      As noted, the purpose of the status report was not to raise discovery disputes. Any such disputes must be raised in accordance with paragraph 2.A of the Court's Individual Practices. It appears that the joint letter complies in substantial part with that paragraph. Accordingly, we will address the discovery issues the status report raises.

      First, the plaintiffs seek a ruling that they should be permitted "class wide discovery." Frequently, what may be termed "class wide discovery" is essentially identical to what the

plaintiffs would be entitled to anyway.  That appears to be the case with respect to some items mentioned in the joint letter.  In light of the fact that plaintiffs are in the 21-40 person "grey area" of numerosity (and at the lower end of that range), see, e.g., Ansari v. N.Y. Univ., 179 F.R.D. 112, 114 (S.D.N.Y. 1998), it should not be presumed that defendants must respond to discovery that relates exclusively to the class as a whole and not to individual plaintiffs.  Obviously, plaintiffs are permitted discovery as to the prerequisites for a class action listed in Fed. R. Civ. P. 23(a).  If plaintiffs can make the case that what they term "class wide discovery" will be necessary to make a Rule 23 motion for purposes of describing commonality or some other element of Rule 23, they should discuss the issue further with defendants and try to reach agreement.  Also, if any true "class wide" merits discovery is non-burdensome, defendants should strongly consider providing it.  In the absence of an agreement, any dispute may be brought to the Court's attention.

     Second, the Court will be surprised if the parties are unable to schedule depositions without the Court's involvement.  If they cannot, they shall each simultaneously file a letter on the same date that contains a proposed schedule with dates/names of deponents and, for each, the reason why the date preferred by the other side is unreasonable.  The Court will "so order" the schedule it finds to be the more reasonable one.

     SO ORDERED.

Dated: July 23, 2020
      New York, New York

_____
GABRIEL W. GORENSTEIN
United States Magistrate Judge