UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
TEODORO GARCIA, et al.,                           :

                                                                          :        ORDER
                       Plaintiffs,

                                                                          :        19 Civ. 3518 (GWG)
    -v.-
                                                                          :

PROGRESSIVE MAINTENANCE LLC, et al.,    :

                                                                          :
                     Defendants.
------------------------------------------------------------X
GABRIEL W. GORENSTEIN, United States Magistrate Judge

      The Court has reviewed the parties' joint letter and proposed settlement agreements (Docket # 135) and will not approve the settlement as proposed.

      In their letter seeking approval, the parties represented that "Plaintiffs' counsel will receive one-third of the settlement amount after expenses." Docket # 135 at 5. The letter also states that expenses total $550 and that the attorney's fees after expenses are $29,533.00. Id. While the parties' letter inexplicably fails to state the total settlement amount, applying mathematical principles to these claimed amounts suggests that the overall settlement payment should be $86,949.00 (86,949.00 X 1/3 = $28,983, plus $550 = $29,533.00). The settlement agreements themselves, however, suggest that defendants are not paying a total of $86,949.00 but rather are paying $82,500. The Court arrived at this figure by totaling the $43,904.87 for Tapia's claim (see Docket # 135-1 at *2), $17,602.61 for Martinez's claim (id. at *10), and $20,992.52 for Garcia's claim (id. at *18).

      Additionally, the settlement agreements state that out of that total, plaintiffs' counsel is to receive $9844 from each plaintiff's settlement amount.

      The Settlement Agreement's actual payout numbers expose two problems. First, the sum paid out to plaintiffs' counsel is not equivalent to one-third, despite the representation made in the parties' letter seeking approval. See Docket # 135 at 5. Rather, $29,533.00 (after expenses are taken into account) is equivalent to 35.13 % of $82,500, the overall settlement amount ($29,533 - $550 = $28,983, divided by $82,500 = .3513). Thus, the parties' representation is inaccurate, and the parties do not explain this discrepancy. The parties should not assume that the Court would approve counsel fees in this case of greater than one third.

      Second, and more significantly, while the Court might accept that the attorneys should obtain one third of a settlement payment after expenses, the reasonableness of that figure must be judged in relation to each plaintiff. Here, the award to the attorneys is not distributed

proportionally among the three plaintiffs.  Tapia, despite receiving the largest settlement amount at $43,904.87, would see the same amount of his award paid towards counsel as the other plaintiffs, who receive much less.  In the end, Martinez must pay 56% of his award for attorney fees and Garcia must pay 47% of his award toward fees.  Tapia, by contrast, is paying only 22% of his award for attorney's fees.  The parties offer no explanation as to why the plaintiffs should bear attorney's fees in such a disproportionate manner or why Martinez and Garcia should be required to pay their attorneys more than one-third of their award — and the Court can think of none.  The Court notes that Martinez and Garcia's retainer agreements state that each plaintiff will "pay the firm a contingency fee of 1/3" (see Docket # 135-3 at *9, *22) and thus the proposed settlement appears to violate that provision of the retainer agreements.

On or before May 12, 2021, the parties are directed to submit revised settlement agreements that provide that the attorneys receive no more than one-third of each plaintiff's settlement amount.  In the alternative, the parties may submit a letter by April 26, 2021, that explains why this Order incorrectly analyzes the settlement.

SO ORDERED.

Dated: April 22, 2021
        New York, New York

_____
GABRIEL W. GORENSTEIN
United States Magistrate Judge